# EXHIBIT "A"

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/25/2025 11:35 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

VINCENT MILLER (SBN 291973)
JAMES JIRN (SBN 24189)
NICK SAGE (SBN 298972)
The Law Offices of Vincent Miller
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Telephone: (213) 948-5702
Email: vincent@vincentmillerlaw.com, james@vincentmillerlaw.com
Attorneys for Plaintiff JANE DOE (M.Q.)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE 1 (M.Q.), a minor, by and through her GUARDIAN AD LITEM, JANE DOE 2 (S.D.)<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a municipal entity; SEAN ESSEX, an individual; DOES 1-10 inclusive,<br><br>Defendant. | CASE NO: 25STCV21972<br><br>COMPLAINT FOR:<br>1. DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983<br>2. SEXUAL ASSAULT/ABUSE OF A MINOR (RATIFICATION BY LOS ANGELES COUNTY)<br>3. NEGLIGENCE (VICARIOUS)<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**Jury Trial Demanded** |

Plaintiff JANE DOE (M.Q.) ("Plaintiff"), minor, by and through her Guardian ad Litem, Jane Doe 2 (S.D.), prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

1. The defendant County of Los Angeles ("County" or "Defendant") has long known, dating back to as early as 2006, that its employee Deputy Sean Jerome Essex was alleged to be raping, sexually assaulting, and molesting young girls while he was on duty for the Los Angeles Sheriff's Department ("LASD").

2. In 2006, the County failed to prosecute Essex for molesting a young girl.

Complaint   JANE DOE (M.Q.) V. LOS ANGELES COUNTY, et al.                                    Page 1

3. In 2018, the County's Civil Service Commission protected Essex from termination.

4. Deputy Essex was recently convicted of sexual assault of four minor girls and sentenced to 40 years in prison.

5. LASD is notorious for its long-standing practice of covering up and ratifying misconduct towards residents and employees in the department.

6. While on duty, Deputy Essex sexually assaulted Plaintiff when she was 12 years old, as she was being driven to the hospital.

7. Essex's partner assisted him in sexually assaulting Plaintiff. Essex asked his partner to drive to the hospital, while Essex got in the back seat of patrol vehicle with the Plaintiff and sexually abused her.

8. The County never disciplined or prosecuted Essex for his sexual abuse of the Plaintiff.

9. The County never investigated Essex for his sexual abuse of the Plaintiff, as LASD lied about Plaintiff's report and declared no need to investigate.

10. Even after Essex was arrested and convicted of molestation of four other girls, LASD and the County failed to take action against Essex for his sexual abuse of the Plaintiff.

11. The molestation and sexual assault of the Plaintiff, along with LASD's cover up and ratification of it, has irreparably harmed Plaintiff, causing her to suffer PTSD and devastating her mentally and emotionally.

12. After Essex was sentenced to prison for 40 years for molesting other young girls, the County still took no action against Essex for the abuse of Plaintiff. The County robbed the young Plaintiff of her childhood.

### THE PARTIES

13. At all times mentioned herein, Plaintiff was and is a minor residing in the County of Los Angeles.

14. Defendant County of Los Angeles is a government agency. The Los Angeles County Sheriff's Department ("LASD") is a branch of Defendant County of Los Angeles.

15.  Defendant Sean Essex ("Essex") molested and sexually assaulted at least four other young girls, in addition to Plaintiff, from 2006 to 2022. Essex was employed by LASD throughout the sexual assaults and molestations. Essex is incarcerated and no longer works for the County.

16.  Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1-10 are liable for wrongful conduct, and each of them, whether individual, corporate, associate or otherwise, are still unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff will further amend her complaint to show the Doe Defendants' true names and capacities, together with appropriate charging language, when such information has been ascertained. Plaintiff will file DOE amendments and/or ask leave of court to amend this Complaint to assert the true names and capacities of these Defendants when they have been ascertained.

17.  Plaintiff is informed and believes and, upon such information and belief, alleges that each Defendant designated as a DOE was and is in some manner negligently, wrongfully, or otherwise responsible and liable to Plaintiff for the injuries and damages hereinafter alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

18.  Plaintiff is further informed and believes and thereupon alleges that at all times relevant hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant.

19.  At all relevant times, Defendants or their predecessors in office have acted or failed to act, as alleged herein, under the color of state law.

20.  The Plaintiff is excused from filing Government Claims forms because this claim is being brought for childhood sexual abuse under Government Code section 905(m).

## SUMMARY OF FACTS

21.  Until she was sexually attacked by deputies from the County, Plaintiff was functioning well in life and happily living with her mother.

22. By 2006, the County was on notice that Deputy Essex was a sexual predator. However, the County declined to prosecute Deputy Essex, allowing him to continue molesting young girls.

23. In 2018, it was again brought to the County's attention that Deputy Essex was sexually assaulting and molesting young girls. LASD initially made the decision to terminate Essex. However, the County, through its Civil Service Commission, reversed the termination, allowing Essex to continue molesting young girls while he was on duty.

24. On September 4, 2021, Jane Doe, age 12 at the time, was being transported to Harbor UCLA Medical Center in the back of a patrol car. Deputy Essex knew that given her age and being captive of two deputies, Plaintiff was particularly vulnerable to his abuse. Deputy Essex told his partner to drive the car, so he could get in the back with Plaintiff and sexually assault her. (It was not proper for a deputy to ride in the back seat for any purpose, let alone to molest a little girl.)

25. Essex's partner drove to the hospital as Essex sexually assaulted Plaintiff, who cried, tried to fend him off, and kept asking him to stop.

26. When Plaintiff arrived at the hospital, she reported the molestation to hospital staff.

27. Plaintiff's mother contacted LASD and informed its employees that Plaintiff had been sexually abused by Essex with the help of his partner.

28. Despite the fact that the County had long been on notice that Essex was a sexual predator, LASD quickly dismissed the child Plaintiff's reports, with a sergeant tasked to look into the matter immediately stating, "this all looks pretty bogus right now and won't be anything," to justify not doing an investigation.

29. On December 20, 2021, a captain for LASD sent a letter to Plaintiff informing her that LASD determined that the "Employee's Conduct Could Have Been Better," and will be addressed accordingly. The matter was in fact not addressed. The County did not address the molestation and gave no discipline to Deputy Essex for the molestation, brushing it under the rug.

30. On April 8, 2022, Essex was arrested for molesting three girls other than Plaintiff.

31. On June 7, 2024, Essex was prosecuted for molesting the three girls, plus a fourth he had molested in 2006.

32. The County never investigated or prosecuted Essex for his sexual assault and molestation of Plaintiff.

33. LASD executives and employees in its Risk Management Unit are well aware of Essex's sexual assault of the Plaintiff.

34. Plaintiff's whole life and mental state has been upended by Essex and the County's sexual attack on her, and the subsequent cover up. Plaintiff was particularly vulnerable to being molested, at age 12, and experiencing health issues on her way to the hospital. Essex was on duty and in his uniform and had the support and authority of his partner who was driving the patrol car during the molestation.

35. It has been nearly four years since the assault and cover up by the County, and Plaintiff remains haunted by the incidents, forever traumatized by the sexual abuse and cover up.

## FIRST CAUSE OF ACTION

### DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### (AGAINST ALL DEFENDANTS)

36. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

37. Under section 1983 of title 42 of the United States Code, the County is liable for subjecting Plaintiff to conduct that occurred under color of state law and deprived Plaintiff of her rights, privileges, or immunities guaranteed under the 4th, 5th, and 14th Amendments of the Constitution of the United States of America.

38. As a vulnerable child who was suffering health issues at the time and being transported to a hospital, Plaintiff is a member of a protected class. Her health issues and her young age were transparent and would be obvious to any police officer or deputy confronting or

interacting with her, and Essex and his partner and other deputies were informed prior to Essex sexually assaulting Plaintiff.

39. Under 42 U.S.C. § 1983, every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

40. Plaintiff is informed and believes and thereon alleges that the County and its employees/agents sheriff's deputies were and are informed that Plaintiff was and is a vulnerable citizen, suffering from disability on the way to the hospital in addition to being just 12 years old.

41. LASD has a long history of the practice and custom of covering up misconduct of its employees against residents of the County of Los Angeles.

42. LASD also violated Plaintiff's due process rights when its leadership failed to prevent Essex from sexually assaulting her. "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *The Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The County knew that Essex had previously sexually assaulted other minors, yet allowed him to continue working for LASD, enabling him to molest other girls like Plaintiff. Essex's partner drove the patrol vehicle so Essex could molest Plaintiff. LASD did no investigation and covered up the incident.

43. Defendant County ratified all wrongful conduct of Essex, ratified the molestations that occurred before Plaintiff was molested, and then failed to punish Essex for molesting Plaintiff. The County immediately dismissed Plaintiff's report and swept the incident under the rug. Even after Essex was sentenced to 40 years in prison for molesting four other girls, the County still did not hold Essex accountable for molesting Plaintiff. The County did nothing to

intervene and remedy the situation. Plaintiff may establish municipal liability under § 1983 "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Ulrich v. City and County of San Francisco,* 308 F.3d 968, 985 (9th Cir. 2002).

44. The County ratified the conduct of the LASD executives and employees in the sexual assault of the Plaintiff.

45. As a direct, foreseeable, and proximate cause of Defendants' deprivation of Plaintiff's civil rights, Plaintiff suffered extreme mental anguish, anxiety, severe distress, physical pain, and humiliation. Plaintiff's performance in school suffered significantly since she was molested by Essex and she can no longer trust not just authority figures, but anyone. Plaintiff was robbed of her childhood. Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat, and care for her, and did, and will in the future, incur medical and incidental expenses. The exact amount of full expenses is unknown to Plaintiff at this time.

46. The deputies' actions deprived the Plaintiff of her constitutional rights under the 14th amendment by sexually assaulting her while she was falsely imprisoned in the back of the patrol car by Essex and his partner.

## SECOND CAUSE OF ACTION

## SEXUAL ASSAULT

## (AGAINST ALL DEFENDANTS)

47. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation in the preceding paragraphs of this Complaint.

48. Defendant Deputy Essex and his partner were acting within the course and scope of their employment as he and his partner drove Plaintiff to the hospital.

49. The County took the Plaintiff's childhood from her. ratified the sexual assault of Plaintiff by Deputy Essex. The County knew of multiple allegations of sexual assault and molestation by Essex dating back as early as 2006. In 2006, the County knew Essex sexually assaulted a young girl but declined to prosecute or discipline him. In 2018, the County's civil

service reversed termination of Essex, and he was allowed by the County to continue to molest multiple little girls. The County did not properly monitor and supervise Essex, who should not have been allowed to continue working as a peace officer. In September 2021, Essex was aided and abetted by his co-workers in assaulting Plaintiff. As Plaintiff was being transported to the hospital, Essex's partner drove the patrol vehicle while Essex got in the back seat with Plaintiff and molested her. After Essex molested the young girl, Plaintiff reported it to hospital staff. LASD was informed and covered up the incident.

50. LASD immediately denied that the incident happened, calling the Plaintiff's reports "bogus," and did no investigation. The County brushed off Plaintiff, sending a letter addressed to the 12- year-old girl telling her that the department determined that Essex could "do better." Essex received no discipline, let alone a referral for criminal prosecution. In April 2022, Essex was arrested for molesting three young girls other than Plaintiff, and the County still continued to sweep the molestation of Plaintiff under the rug.

51. The actions of Essex meet all elements of a claim sexual assault.

52. As a direct, foreseeable, and proximate cause of Defendant's wrongful conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish, PTSD, and a lifetime of severe emotional distress. Plaintiff's performance in school suffered significantly since she was molested by Essex and she can no longer trust not just authority figures, but anyone. Plaintiff was required to and did employ and will in the future employ physicians and health care providers to examine, treat and care for her, and did, and will in the future, incur medical and incidental expenses. The exact amount of full expenses is unknown to Plaintiff at this time.

53. Defendant County's conduct caused profound and permanent harm to Plaintiff.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

### (AGAINST DEFENDANT COUNTY OF LOS ANGELES, DOES 1-10)

54. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation in the preceding paragraphs of this Complaint.

55. Pursuant to section 815.2 of the California Government Code, because the employee Deputies, Defendant Essex, his partner, and sergeants and executives who were responsible for not investigating, and disciplining, and arresting Essex prior to the assault on the Plaintiff, were acting within the course and scope of their employment, the Defendant County is liable under the doctrine *respondeat superior*.

56. The Defendants breached their duty of care to Plaintiff as they allowed Essex to molest young girls for years and could have stopped Essex from sexual assaults long before he made Plaintiff his latest victim. In addition, Essex's partner drove the patrol vehicle so that Essex could get in the back seat with Plaintiff and sexually assault her.

57. Plaintiff was injured as a proximate and direct cause of the Defendants' breach of care.

58. The Defendant County was also negligent in its training and supervision practices, as it has maintained a practice and culture in which deputies are not held accountable for wrongful conduct against County residents (as well as LASD employees), and do not receive sufficient training and supervision to protect the constitutional rights of residents, including Plaintiff. Here, Plaintiff was physically, emotionally, and mentally harmed due to the County's negligence.

59. The Defendant County owes a duty of care to protect citizens such as Plaintiff from sexual predators within the ranks of LASD. Defendant knew or should have reasonably known that Deputy Essex had a history of use of sexually assaulting and molesting minors and would harm young girls like Plaintiff.

60. Defendant County had a duty a special duty as well as an ordinary duty of care to protect citizens, given the history of molestation of minors by Essex and other deputies in the department.

61. Plaintiff is informed and believes and on that basis alleges that Defendant County breached its duty of care, as Essex was allowed to sexually assault Plaintiff.

57. As a direct, foreseeable and proximate cause of Defendant County's negligence and the resulting acts, Plaintiff suffered severe mental damage, mental anguish and physical pain

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jane Doe (M.Q.) v. County of Los Angeles, et al. | 25STCV21972 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | | CASE NUMBER | |
|---|---|---|---|
| Jane Doe (M.Q.) v. County of Los Angeles, et al. | | | |

| A<br>Civil Case Cover Sheet Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Other Personal Injury/ Property Damage/ Wrongful Death | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |
|---|---|---|

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jane Doe (M.Q.) v. County of Los Angeles, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jane Doe (M.Q.) v. County of Los Angeles, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jane Doe (M.Q.) v. County of Los Angeles, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☒ 1. ☐ 2. ☐ 3. ☒ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 500 West Temple Street, Los Angeles, CA 90012 |
|---|---|
| CITY: Los Angeles  STATE: CA  ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central district  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 07/24/2025

*Vincent Miller*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.