Vincent Miller (SBN 291973)
vincent@vincentmillerlaw.com
James Jirn (SBN 241189)
james@vincentmillerlaw.com
THE LAW OFFICES OF VINCENT MILLER
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Tel.: (213) 948-5702 | Fax: (818) 450-0698

Attorneys for Plaintiff
JANE DOE (M.Q.)


Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Katherine Orletsky, State Bar No. 299857
E-Mail: korletsky@hurrellcantrall.com
Nicole G. Ortega, State Bar No. 345882
E-Mail: nortega@hurrellcantrall.com
HURRELL CANTRALL LLP
800 West 6th Street, Suite 700
Los Angeles, CA 90017-2710
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1 (M.Q.), a minor, by and through her GUARDIAN AD LITEM, JANE DOE 2 (S.D.), | Case No.: 2:25-cv-07909-ODW-MAA |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | Scheduling Conference Date: November 13, 2025 Time: 1:30 PM Courtroom: 10-C |
| COUNTY OF LOS ANGELES, a municipal entity, SEAN ESSEX, an individual; DOES 1-10, inclusive, | Trial Date: Not Set |
| Defendants. | |

Pursuant to the Court's September 4, 2025, Notice of Intent to Issue Scheduling Order, and in accordance with Federal Rules of Civil Procedure, Rules 16 and 26(f), counsel for Plaintiff Jane Doe 1 (M.Q.) and Defendant County of Los Angeles met and conferred on July 24, 2025, and now jointly submit this Joint Rule 26(f) Report. (Defendant Sean Essex has not yet appeared in this action.)

**A.      Statement of the Case**

**1.      By Plaintiff**

Plaintiff, a minor, alleges that while on duty defendant Sean Essex sexually assaulted her as she was being driven to the hospital. Plaintiff was 12 years old at the time of the incident. Essex's partner provided assistance by driving while Essex was assaulting Plaintiff in the back seat on the patrol vehicle. The defendant County of Los Angeles did not investigate, discipline, or prosecute Essex for assaulting Plaintiff. Even after Essex was arrested and convicted of sexual molestation of four other girls, LASD and the County failed to take action against Essex for his sexual abuse of Plaintiff.

**2.      By Defendant**

The County is exploring all of Plaintiff's allegations and maintains that it acted lawfully and reasonably at all times.  The County contends that to the extent, if at all, that defendant Sean Essex sexually assaulted Plaintiff, he was not acting within the course and scope of his employment.  The County further contends it investigated allegations against Essex.

**B.      Subject Matter Jurisdiction**

The parties agree that this Court has subject matter jurisdiction over this matter. Federal question jurisdiction: Claim for deprivation of civil rights under 42 U.S.C. § 1983.

This Court has supplemental jurisdiction over state law claims, 28 U.S.C. § 1367.

**C.      Legal Issues**

Whether Defendants deprived Plaintiff of her civil rights when on duty officers sexually assaulted her.

2

JOINT RULE 26(F) REPORT

Whether the County is liable under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

Whether the County is liable for sexual assault against Plaintiff under California law.

Whether the County is liable under the doctrine of *respondeat superior* for negligence for failing to prevent the sexual assault against Plaintiff by Deputy Essex.

Whether the County is liable for intentional infliction of emotional distress.

Whether Plaintiff suffered harm as a result of Defendants' conduct.

**Parties, Witnesses, Evidence**

**1.    Parties**

Plaintiff: Jane Doe (M.Q.)

Defendant: County of Los Angeles

Defendant: Sean Essex (no appearance)

**2.    Witnesses**

**a.    Plaintiff's Witnesses**

Jane Doe (M.Q.)

Susana Delgado

Sean Essex

Matthew W. Ohnemus

Britta Steinbrenner

Laura Lecrivain

Tomas Rodriguez

LASD employee who drove patrol car so Essex could get into the back seat with Plaintiff and molest her—name to be ascertained

The 4 other minors molested by Essex

The trainee sexually harassed and assaulted by Essex

**b.    Defendant's Witnesses**

Investigating Los Angeles Sheriff's Department Employees

3

LASD Employees responding to relevant events on the date of the incident

The County is exploring all of Plaintiff's allegations and reserves its right to include additional witnesses.

### 3. Evidence

(The following list is not exhaustive; discovery has not commenced.)

#### a. Plaintiff's Evidence

Plaintiff's Government Tort Claim

Essex's personnel file

Internal communications, including emails about Plaintiff's allegations

Investigation into Essex by LASD for molesting a child, around 2005-2006

County District Attorney declining to prosecute Essex, around 2005-2006

IAB investigation by LASD and disposition of Essex for sexually assaulting/harassing a trainee, around 2018

LASD ICIB investigation into Essex, for molesting 3 girls, around 2022

#### b. Defendant's Evidence

The County is exploring all of Plaintiff's allegations and reserves its right to include additional evidence.

### D. Damages

#### 1. Plaintiff:

Economic damages according to Plaintiff's expert, and at a minimum of $5 million for emotional distress and pain and suffering, to be determined at trial.

#### 2. Defendant:

The County is exploring all of Plaintiff's allegations and maintains that it acted lawfully and reasonably at all times.

### E. Insurance

Defendant is a self-insured government entity.

### F. Motions

#### 1. Plaintiff:

4

Plaintiff does not anticipate dispositive motions but reserves the right to file any should such need arise.

**2.     Defendant**:

Defendant anticipates that this matter may be appropriate for one or more dispositive motions. Defendant believes it will file a Motion for Summary Judgment or Summary Adjudication upon completion of discovery.

Defendant anticipates filing motions in limine if this matter proceeds to trial.

Defendant expects to file discovery motions as needed or to seek Magistrate assistance via information discovery conference.

**G.     Dispositive Motions**

Defendant anticipates that this matter may be appropriate for one or more dispositive motions. Defendant believes it will file a Motion for Summary Judgment or Summary Adjudication upon completion of discovery.

**H.     Manual for Complex Litigation**

The Parties agree that the Manual for Complex Litigation need not be utilized in this case.

**I.     Status of Discovery**

The Parties have not commenced written discovery but will do so as soon as possible.

**J.     Discovery Plan**

The Parties agree that written discovery requests and their responses shall be governed by the applicable provisions of the Federal Rules of Civil Procedure ("FRCP"), including the form and scope of those requests, the deadlines for responses, and initial disclosures under FRCP Rule 26(a)(1). The Parties also agree that expert disclosures shall be by Code under the FRCP.

The Parties do not request any changes to the limitations on interrogatories and depositions contained in the Federal Rules of Civil Procedure. In the event that additional interrogatories, more time or additional depositions are needed, the Parties

5

will seek Court approval.

The Parties do not believe it will be necessary to conduct discovery in phases or to otherwise preemptively limit discovery in this action. The Parties reserve the right to seek appropriate relief from the Court, including protective orders, if the circumstances warrant.

The Parties reserve the right to request that the Court enter a Stipulation and Protective Order to govern the disposition of confidential information produced in discovery.

The Parties may obtain discovery of facts supporting or relating to Plaintiff's claims and requests for damages, including any defenses thereto. The Parties agree that discovery should be conducted as to all claims and defenses set forth in the pleadings.

Plaintiff intends to serve written discovery and conduct depositions of Defendant and third-party witnesses.

The County intends to serve intends to serve written discovery and take the depositions of Plaintiff, third party witnesses, Plaintiff's treating physicians, and any individuals Plaintiff identify who have knowledge of his claims.  Defendant may also seek to conduct an independent medical/mental evaluation of Plaintiff.

**K.    Discovery Cut-off**

Please see **Exhibit A** attached hereto, Schedule of Pretrial and Trial Dates Worksheet, for the Parties' proposed fact discovery cut-off.

**L.    Expert Discovery**

Please see **Exhibit A** attached hereto, Schedule of Pretrial and Trial Dates Worksheet, for the Parties' proposed expert discovery cut-off.

**M.    Settlement Efforts to Date and ADR**

None.

Defendant is open to potential alternative dispute resolution with a panel mediator.

**N.    Trial Estimate**

6

Jury Trial: 5-7 days

**O.    Trial Counsel**

    **1.    For Plaintiff**

Vincent Miller and James Jirn, Law Offices of Vincent Miller.

    **2.    For Defendant**

Lead trial counsel for Defendants will be Thomas C. Hurrell.

**P.    Independent Expert of Master**

The Parties do not believe the appointment of an independent expert or master is appropriate for this case.

**Q.    Schedule Worksheet**

See attached, **Exhibit A**.

**R.    Other Issues**

None.

Dated: November 6, 2025        THE LAW OFFICES OF VINCENT MILLER

/s/ *James Jirn*
_____
Vincent Miller
James J. Jirn
Attorneys for Plaintiff DONALD RUBIO

Dated: November 6, 2025        HURRELL CANTRALL LLP

/s/ *Katherine Orletsky*
_____
Thomas C. Hurrell
Katherine Orletsky
Nicole G. Ortega
Attorneys for Defendant COUNTY OF LOS ANGELES

7